

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| MICHAEL GIBERT,<br>Plaintiff,<br><br>vs.<br><br>SOUTH CAROLINA DEPARTMENT OF<br>CORRECTIONS, GREALIN FRAZIER,<br>FLETCHER MCBRIDE, and CHRIS<br>GOLDEN, *in his official capacity as*<br>*Investigator with the South Carolina Law*<br>*Enforcement Division*,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 0:16-3184-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT,
AND REMANDING PLAINTIFF'S STATE CLAIMS TO STATE COURT**

Plaintiff Michael Gibert (Gibert) brought this action in state court against Defendants South Carolina Department of Corrections (SCDC), Grealin Frazier (Frazier), Fletcher McBride (McBride), and Chris Golden (Golden), in his official capacity as Investigator with the South Carolina Law Enforcement Division (collectively, Defendants). Defendants subsequently removed the case to this Court.

In Gibert's complaint, he brings Eighth and Fourteenth Amendment constitutional claims pursuant to 42 U.S.C. § 1983 and state claims of gross negligence, recklessness, and reckless conduct under the South Carolina South Carolina Tort Claims Act, S.C. Code § 1-78-10.

The matter is before the Court for review of the Report and Recommendation of the United States Magistrate Judge suggesting Defendants' motions to dismiss or, in the alternative, for summary judgment, be granted. The Magistrate Judge prepared the Report in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 25, 2019; and Gibert filed his objections on February 8, 2019. SCDC, Frazier, and McBride filed their reply on February 18, 2019; and Golden filed his reply on February 21, 2019. Having carefully reviewed the objections, the Court holds them to be without merit. It will therefore enter judgment accordingly.

The Magistrate Judge recommends the Court grant Defendants motions on the basis Gibert failed to exhaust his administrative remedies.

As the Magistrate Judge summarized in the Report, the South Caroline Inmate Grievance System mandates that

> an inmate seeking to complain of prison conditions generally must first attempt to informally resolve his complaint. Next, an inmate may file a "Step 1 Grievance" with designated prison staff. If the Step 1 Grievance is denied, the inmate may appeal to the warden of his facility via a "Step 2 Grievance." Moreover, subject to certain exceptions not applicable here, review from the South Carolina Administrative Law Court (ALC), a state executive-branch tribunal,

> is generally part of the available administrative remedies an inmate must exhaust.

Report 4-5.

In Gibert's objections, he maintains the Magistrate Judge erred in suggesting the Court grant Defendants' motions inasmuch as the SCDC administrative remedies were unavailable to him. Objections 9. This claim must fail.

The Prison Litigation Reform Act provides, in pertinent part, "No action shall be brought with respect to prison conditions under section 1983 . . ., or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e.

"There is no question that exhaustion is mandatory under the PLRA." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Nevertheless, "that edict contains one significant qualifier: the remedies must indeed be 'available' to the prisoner. But aside from that exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016).

The Supreme Court has recognized three scenarios in which administrative remedies are unavailable. "First, . . . an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id*. at 1859. Second, an administrative scheme is unavailable when it is "so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id*. Or, stated differently, [w]hen rules are so confusing that no reasonable prisoner can use them, then they're no longer available." *Id*. (citation omitted) (internal quotation marks omitted) (alteration omitted). And third, administrative are unavailable "when

prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*.

Gibert maintains he "has requested to be placed on protective custody on many occasions and has provided both written and oral statements to multiple employees of SCDC explaining the reasons for his requests for protective custody." Objections 8. Gibert contends that "[a]ll of [this], although informal, should satisfy [his] exhaustion requirements as resolution of a matter through informal channels satisfies exhaustion requirement of 42 [U.S.C.] § 1997e(a)[.]" *Id*. According to Gibert, "if his multiple requests for protective custody did not result in an acceptable informal resolution, the filing of any grievance asking for the same thing–protection–would have had no effect. Therefore, the grievance process would have been merely a dead end for [him]." *Id* at 9. There are at least two problems with Gibert's argument.

First, to the extent Gibert is arguing administrative remedies were unavailable to him because it would be futile for him to avail himself to them, that argument is foreclosed by Supreme Court precedent. *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

Second, Gibert has by no means exhausted his administrative remedies. By complaining informally, he has satisfied just the preliminary step in the South Carolina Grievance System. As detailed above, Gibert was next required to complete a "Step 1 Grievance" and a "Step 2 Grievance," followed by review from the ALC, before it can be said he has exhausted his administrative remedies as mandated by the PLRA. For these reasons, the Court will overrule Gibert's objections.

4

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Gibert's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Defendants' motions for summary judgment are **GRANTED** as to Gibert's federal claims.

In the last sentence of Gibert's objections, he "request[s] the Court remand the state claims to the Court of Common Pleas in Dorchester County." The request appears to be proper; and Defendants fail to make any opposing argument in their replies. Accordingly, the request is **GRANTED**. Gibert's state claims are **REMANDED** to the Dorchester County Court of Common Pleas.

**IT IS SO ORDERED**.

Signed this 25th day of February, 2019, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE